# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| CHRISTOPHER HUDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )     1:12-cv-092-JMS-DML |
| | ) |
| PENDLETON CORRECTIONAL | ) |
|   FACILITY, et al., | ) |
| | ) |
| Defendants. | ) |

## Entry and Order Dismissing Action

**I.**

The plaintiff's request to proceed *in forma pauperis* [2] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

**II.**

The plaintiff is a prisoner and his complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

To satisfy the notice-pleading standard of Rule 8 of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

129 S. Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by Christopher Hudson here, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

### III.

### A.

Hudson alleges that the Indiana Department of Correction (DOC), Pendleton Correctional Facility (PCF), PCF Superintendent Butts, Lt. Fox, and Officer Hurt violated his Fifth, Eighth and Fourteenth Amendment rights. Specifically, Hudson alleges that he was found guilty of a frivolous conduct report which was later overturned after he had served the sanctions imposed. Those sanctions consisted of 31 days of segregation, loss of visits for six months and placement in disciplinary segregation for a year. Officer Hurt allegedly made false statements in the conduct report and Lt. Fox denied Hudson a fair disciplinary hearing and found him guilty of the violation alleged in the conduct report. The DOC and Superintendent Butts were allegedly negligent in approving the "excessive sanctions" and in their supervision of employees. Hudson seeks compensatory and punitive damages.

### B.

This action is brought pursuant to 42 U.S.C. § 1983. "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). This is entirely sensible, because no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19 (1981); *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

In this case, the complaint makes reference to constitutional provisions but does not allege a plausible violation of them. Two provisions are without any conceivable basis.

- The Eighth Amendment claim fails because Hudson does not allege that the conditions of his confinement in disciplinary segregation resulted in a deprivation sufficiently serious to constitute "the denial of the minimal civilized measure of life's necessities." *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir.1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

- The Fifth Amendment is not implicated by the plaintiff's allegations, because the defendants are state actors, not federal actors. *Jackson v. Byrne*, 738 F.2d 1433 (7th Cir. 1984).

As to the Fourteenth Amendment due process claim, there are no allegations which could support a conclusion that sanctions imposed by Lt. Fox constituted an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484-86 (1995); *see also Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005) (no federally protected liberty interest in avoiding fabricated disciplinary conviction resulting in 60 days of segregation). An inmate must identify a "grievous loss" in order for a liberty interest to be found so that due process attaches in a disciplinary proceeding. *See Wilkinson v. Austin*, 545 U.S. 209, 220 (2005). The sanctions imposed in the disciplinary proceeding described in the complaint did not constitute the loss of a protected liberty interest and thus are not actionable under § 1983, whether the imposition of those sanctions was warranted by the evidence or not. *Townsend v. Fuchs*, 552 F.3d 765, 772 (7th Cir. 2008) (citing *Wilkinson*, 545 U.S. at 221 ("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.")); *see also Montgomery v. Anderson,* 262 F.3d 641, 644 (7th Cir. 2001)(when no recognized liberty or property interest has been taken, the confining authority "is free to use any procedures it chooses, or no procedures at all"). Merely being placed in a disciplinary unit, or being confined under conditions more onerous than conditions in other housing unit of the jail does not violate the guarantee of due process. *Miller v. Dobier*, 2011 WL 477046, *2 (7th Cir. Feb. 11, 2011).

### IV.

For the reasons explained above, even when liberally construed, the complaint fails to survive the screening required by ' 1915A because it fails to contain a legally viable claim under 42 U.S.C. ' 1983. Dismissal of the action pursuant to 28 U.S.C. ' 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/12/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana